Matter of Kings Park 8809, LLC v New York State Div. of Hous. & Community Renewal (2021 NY Slip Op 07272)





Matter of Kings Park 8809, LLC v New York State Div. of Hous. & Community Renewal


2021 NY Slip Op 07272


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2018-12041 
2019-02344
 (Index No. 11593/17)

[*1]In the Matter of Kings Park 8809, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent.


Horing Welikson Rosen & Digrugilliers, P.C., Williston Park, NY (Jillian N. Bittner of counsel), for appellant.
Mark F. Palomino, New York, NY (Sandra A. Joseph of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated October 5, 2017, which, inter alia, upheld the determination of a Rent Administrator dated March 28, 2017, the petitioner appeals from (1) a judgment of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered August 8, 2018, and (2) an order of the same court entered January 3, 2019. The judgment denied the petition and, in effect, dismissed the proceeding. The order, insofar as appealed from, upon reargument, adhered to the determination in the judgment.
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In November 2017, the petitioner, Kings Park 8809, LLC (hereinafter the owner), the owner of a rent-stabilized apartment building in Queens (hereinafter the premises), commenced this proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) dated October 5, 2017, which, inter alia, upheld the determination of a Rent Administrator dated March 28, 2017, in favor of a tenant of the premises and against the owner.
The Rent Administrator determined, inter alia, that a lease entered into between the tenant and the owner in July 2012 included an impermissible clause that provided that, if the tenant made timely payment of rent, the tenant could pay an on-time discounted rent (hereinafter the discounted rent), but if the tenant failed to timely pay the rent, in effect, the tenant would be responsible for a late fee of approximately 20%. The Rent Administrator determined that the owner had overcharged the rent paid by that tenant, deemed that the provision in the lease setting forth an [*2]amount for an "on-time discounted rent" constituted the legal regulated rent, plus subsequent lawful increases, and assessed treble damages against the owner and in favor of the tenant.
Upon administrative review, the DHCR, inter alia, upheld the Rent Administrator's determination, agreeing that the discounted rent set forth in the lease was not a preferential rent within the meaning of the Rent Stabilization Law and Code, and that the difference between the discounted rent and the nondiscounted rent (hereinafter the discount) instead amounted to an impermissible excessive late charge. The DHCR found that the Rent Administrator correctly determined that the owner overcharged the tenant rent in the amount of $3,802.11, set the discounted rent as the legal regulated rent as adjusted by lawful increases, and imposed treble damages in the amount of $7,604.22, in favor of the tenant and against the owner, for an award to the tenant in the total sum of $11,406.33.
In a judgment entered August 8, 2018, the Supreme Court denied the owner's petition and, in effect, dismissed the proceeding. The owner then moved for leave to reargue. In an order entered January 3, 2019, the court granted reargument, and, upon reargument, adhered to its prior determination. The owner appeals from the judgment, and from the order, made upon reargument. We affirm.
In general, a reviewing court must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise (see Matter of Bandil Farms Inc. v New York State Div. of Hous. & Community Renewal, 190 AD3d 403, 406; see also Matter of Dworman v New York State Div. of Hous. & Community Renewal, 94 NY2d 359, 371). Accordingly, a reviewing court may not disturb an agency's determination unless there is no rational basis for the exercise of discretion or that determination is arbitrary and capricious (see Matter of Rania Mesiskli, LLC v New York State Div. of Hous. & Community Renewal, 166 AD3d 625, 626; see e.g. Matter of Bandil Farms Inc. v New York State Div. of Hous. & Community Renewal, 190 AD3d at 406).
Here, the DHCR determination relied on the November 2015 and October 2017 revisions of DHCR Fact Sheet #40 pertaining to preferential rents and late fees to find that the "on-time discount" rent charged by the owner did not constitute a preferential rent within the meaning of the Rent Stabilization Law and Code and, since the maximum permissible late fee that could be charged was 5%, the discount instead amounted to an impermissible excessive late charge. The Supreme Court thus properly denied the petition and, in effect, dismissed the proceeding, since the DHCR determination finding that the owner had overcharged the tenant, deeming the discounted rent as adjusted by lawful increases to be the legal regulated rent, and assessing treble damages had a rational basis and was not arbitrary and capricious (see Matter of Bandil Farms Inc. v New York State Div. of Hous. & Community Renewal, 190 AD3d at 406; Matter of 333 E. 49th Partnership, LP v New York State Div. of Hous. & Community Renewal, 165 AD3d 93, 101-102, 104; see e.g. Diversified Equities, LLC v Russell, 50 Misc 3d 140[A], 2016 NY Slip Op 50177[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]).
Contrary to the owner's contention, the DHCR determination that the reference in the lease at issue to a discounted rent for "on-time discounted rent" was not the equivalent of a preferential rent and that the amount charged by the owner for the difference between the rent set forth on the lease as the legal regulated rent and the on-time discounted rent constituted an excessive late fee was supported by the record (see Matter of Bandil Farms Inc. v New York State Div. of Hous. & Community Renewal, 190 AD3d at 403-404). Since the late fee at issue here ranged from 17% to 21%, the DHCR determination that the fee was excessive and grossly disproportionate to any damages which might be incurred by the owner is also supported by the record (see id. at 405-406; Jacoby v Cabrera, 60 Misc 3d 136[A], 2018 NY Slip Op 51079[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists]).
The owner's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed [*3]the proceeding, and thereafter, upon reargument, adhered to that prior determination.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court